USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 15, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                       :

BRUCE SCHWARTZ,                  :

                               :

                    Plaintiff,     :          14 Civ. 9525 (KPF)

                               :

              v.               :          <u>ORDER</u>

                               :

HSBC BANK USA, N.A.,       :

                               :

                    Defendant.  :

                               :

------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiff's Motion to Strike (Dkt. #28, 29), Defendant's Response (Dkt. #31), and Plaintiff's Reply (Dkt. #32).  For the reasons stated below, Plaintiff's Motion is DENIED.  The Court further advises the parties that it will, in part, convert Defendant's Motion to Dismiss to a Motion for Summary Judgment under Federal Rule of Civil Procedure 56.  To ensure that Plaintiff is not prejudiced by this conversion, Plaintiff may submit supplemental briefing as detailed further in this Order.

**A.     Plaintiff's Motion to Strike**

Plaintiff has moved under Federal Rule of Civil Procedure 12(f) to strike (i) portions of Defendant's Reply Memorandum, and (ii) the declarations of Robert R. Seritella that were submitted by Defendant in support of its Motion to Dismiss.  (Dkt. #28 at 1).  However, "Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."  5C

Charles A. Wright *et al.*, FED. PRAC. & PROC. CIV. § 1380 (3d ed. 1998) (collecting cases); *see also, e.g., Dekom* v. *New York*, No. 12 Civ. 1318 (JS) (ARL), 2013 WL 3095010, at *6 (E.D.N.Y. June 18, 2013) ("As Plaintiffs are not seeking to strike pleadings, but rather briefs, Plaintiffs' motions must be DENIED."), *aff'd,* 583 F. App'x 15 (2d Cir. 2014) (summary order); *Burns* v. *Bank of Am.*, No. 03 Civ. 1685 (RMB) (JCF), 2007 WL 1589437, at *11 (S.D.N.Y. June 4, 2007) ("[T]he reply brief and accompanying materials of which the plaintiffs complain is not a pleading, and thus is not properly the subject of a motion under Rule 12(f)."); *Latino Quimica-Amtex S.A.* v. *Akzo Nobel Chems. B.V.*, No. 03 Civ. 10312 (HB) (DF), 2005 WL 2207017, at *10 n.6 (S.D.N.Y. Sept. 8, 2005) (denying motion to strike an opposition brief because the motion "[wa]s directed to a brief rather than a pleading"); *Sierra* v. *United States*, No. 97 Civ. 9329 (RWS), 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) (denying a request to strike a motion to dismiss because "Rule 12(f) does not authorize this court to strike documents other than pleadings").  Accordingly, Plaintiff's Motion to Strike is DENIED.

**B.      Plaintiff May Respond to Defendant's Late-Raised Virginia Law Argument**

While a motion to strike is improper in the present circumstances, the Court does note that the Second Circuit disfavors the assertion of new arguments in reply papers.  *See, e.g., Keefe* v. *Shalala*, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) (stating that normally the court "will not consider arguments raised for the first time in a reply brief"); *Knipe* v. *Skinner,* 999 F.2d 708, 711 (2d Cir. 1993) (stating that "[a]rguments may not be made for the first time in a reply brief"); *Nat'l Labor Relations Bd.* v. *Star Color Plate Serv.*, 843 F.2d 1507,

2

1510 n.3 (2d Cir. 1988) (rejecting a party's "attempts to raise for the first time [a new question] in its reply brief").  This rule is not absolute, as courts have discretion to consider otherwise improper arguments, particularly where no prejudice will result to the opposing party.  *Revise Clothing, Inc.* v. *Joe's Jeans Subsidiary, Inc.,* 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010); *see also Toure* v. *Central Parking Systems of New York*, No. 05 Civ. 5237 (WHP), 2007 WL 2872455, at *2 (S.D.N.Y. Sept. 28, 2007) (allowing new argument in reply where non-moving party submitted sur-reply).

In the present matter, the only argument raised by Defendant in its reply brief that may fairly be characterized as "new" is its contention that Virginia law prohibits remedies for violations of the Truth in Lending Act (the "TILA") beyond those contained within the TILA itself.  Consequently, Plaintiff will be permitted to respond to this argument in a sur-reply of limited scope, as outlined in Section D of this Order, *infra.*

## C.    Plaintiff May Have Limited Discovery to Address the Declarations of Robert Seritella

A court may, pursuant to Federal Rule of Civil Procedure 12(d), treat a motion under Rule 12(b)(6) as one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." Under Rule 12(d), "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  In the present case, the declarations of Robert Seritella submitted by Defendant in support of its Motion to Dismiss clearly constitute materials outside the pleadings, and thus can only be considered if the Court converts Defendant's motion — at least in

3

regards to the claim that Defendant improperly imposed a late fee and credited his payment as four days late — as one for summary judgment.  When considering the propriety of converting a motion to dismiss into a motion for summary judgment, "[t]he essential inquiry is whether the [nonmovant] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of reasonable opportunity to meet facts outside the pleadings." *Gurary* v. *Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999).

In the present case, Plaintiff arguably received sufficient notice that the Court might treat Defendant's motion as one for summary judgment: Defendant submitted, in support of its Motion to Dismiss, a declaration from Robert Seritella extending beyond the scope of the pleadings (Dkt. #19), and requested that, should the Court find it appropriate, the Court convert the relevant portion of the motion to one for summary judgment (Dkt. #17 at n.5). Furthermore, Plaintiff himself submitted evidence beyond the scope of the pleadings in responding to Defendant's motion, presumably to counter the extrinsic evidence proffered by Plaintiff.  (Dkt. #22); *See Garcha* v. *City of Beacon*, 351 F. Supp. 2d 213, 216 (S.D.N.Y. 2005) ("Where both parties submit extrinsic evidence in support of their positions, a district court may fairly convert a motion to dismiss into one for summary judgment under Fed. R. Civ. P. 56."); *Carruthers* v. *Flaum*, 388 F. Supp. 2d 360, 378 (S.D.N.Y. 2005) (converting a motion to dismiss to one for summary judgment where both sides submitted documents outside the pleadings).

4

Were Seritella's first declaration the only extrinsic evidence to be considered upon converting Defendant's motion to one for summary judgment, the Court would be inclined to find that Plaintiff had a sufficient opportunity to "meet the facts outside the pleadings." The submission of Seritella's second declaration with Defendant's Reply, however, tips the balance against such a finding. While the Court appreciates Defendant's point that Plaintiff invited further extrinsic evidence by highlighting Seritella's failure to provide certain facts in his first declaration, the Court finds nonetheless that in order for it to consider fairly Seritella's second declaration, Plaintiff must be given an opportunity to respond. Plaintiff may therefore have limited discovery, tailored to respond solely to the points raised in the second Seritella declaration; and the Court will treat that portion of Defendant's motion claiming that Defendant improperly charged a late fee and credited Plaintiff's payment four days late as a motion for summary judgment.

**D.     The Scope of Plaintiff's Additional Discovery and Sur-reply**

Given the limited matters to be addressed, Plaintiff's opportunity to respond should be appropriately tailored. Defendant devotes a total of two double-spaced pages in its Reply to its new argument under Virginia law. (Dkt. #23 at 4-6). In regards to the second Seritella declaration, the extrinsic information presented is limited to a narrow and discrete set of facts. Plaintiff may therefore depose **one witness** pursuant to Federal Rule of Civil Procedure 30(b)(6) to probe the facts underlying Seritella's second declaration, and may submit a sur-reply letter of no more than **five pages** (i) addressing the question

of whether Virginia law precludes remedies for breaches of the TILA beyond those contained within the Act, and (ii) responding to the relevant statements contained in Seritella's second declaration.  Plaintiff's sur-reply shall be submitted no later than **January 8, 2016**.  The Clerk of Court is directed to terminate the motion at docket entry 28.

        SO ORDERED.

Dated:      December 15, 2015
            New York, New York

                                        KATHERINE POLK FAILLA
                                United States District Judge