G691schc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   BRUCE SCHWARTZ, Individually
    and on behalf of all others
4   similarly situated,

5              Plaintiff,

6         v.                                14 Civ. 9525 (KPF)

7   HSBC BANK USA, N.A.,

8              Defendant.                   Conference

9   ------------------------------x
                                            New York, N.Y.
10                                          June 9, 2016
                                            4:12 p.m.
11
    Before:
12
                    HON. KATHERINE POLK FAILLA,
13
                                            District Judge
14
                         APPEARANCES
15
    BROMBERG LAW OFFICE, P.C.
16       Attorneys for Plaintiff
    BY:  BRIAN L. BROMBERG, ESQ.
17
    LAW OFFICE OF HARLEY J. SCHNALL
18       Attorneys for Plaintiff
    BY:  HARLEY J. SCHNALL, ESQ.
19
    GREENBERG & TRAURIG LLP
20       Attorneys for Defendant
    BY:  LOUIS SMITH, ESQ.
21

22

23

24

25

G691schc

| 1 | (Case called) |
|---|---|

2      MR. BROMBERG:  Brian L. Bromberg, Bromberg Law Office,

3  P.C., for the plaintiff.  Good afternoon, your Honor.

4      THE COURT:  Good afternoon.

5      MR. SCHNALL:  Harley Schnall, Law Office of Harley J.

6  Schnall, also for plaintiff.

7      THE COURT:  Okay.

8      MR. SMITH:  Good afternoon, your Honor.  Louis Smith,

9  Greenberg Traurig, appearing on behalf of defendant HSBC Bank

10 USA, N.A.

11     THE COURT:  All right.  Mr. Smith, since you're

12 standing, I'm going to speak with you.  I don't know about you,

13 sir.  I was a little bit unfulfilled by the *Spokeo* decision

14 from the Supreme Court.  I would have liked a little bit more

15 clarity, and to me -- but perhaps I'm reading it differently

16 than others -- I don't know that it moves the needle very much

17 in this particular case.

18     I think for me, the next step is to set up a schedule

19 for discovery.  Do you have a different view, sir?

20     MR. SMITH:  I do, your Honor.  I do.

21     THE COURT:  Okay.  Tell me about that.  Yes.

22     MR. SMITH:  We feel that the *Spokeo* opinion was a very

23 strong decision for our side on this issue.

24     THE COURT:  Really?

25     MR. SMITH:  And --

3

G691schc

| | |
|---|---|
| 1 | THE COURT:  I'm not being glib.  I don't see it, but |
| 2 | okay.  Let me hear from you.  Okay. |
| 3 | MR. SMITH:  We do, your Honor.  So in the context in |
| 4 | which this issue arises, when this case was brought, at the |
| 5 | beginning, the claims concerned actual damages that were sought |
| 6 | in connection with a late fee claim, and there was declaratory |
| 7 | relief, injunctive relief.  Your Honor issued an opinion |
| 8 | granting summary judgment and threw out everything that was |
| 9 | initially alleged in the original complaint.  The sole piece |
| 10 | that's left is a claim that was brought on pleading in the |
| 11 | amended complaint, and that claim as made here, by your Honor's |
| 12 | decision, relates to nothing but statutory damages -- no actual |
| 13 | damages, no injunctive relief, no declaratory relief; pure |
| 14 | claims dealing with solely statutory damages.  No allegation of |
| 15 | any injury, of any kind, in the complaint concerning that |
| 16 | claim.  No evidence of any injuries of any kind that's been |
| 17 | submitted to your Honor. |
| 18 | In the *Spokeo* case, your Honor, the Supreme Court |
| 19 | pointed out the flaw in the rationale of the Ninth Circuit when |
| 20 | it was dealing with the injury in fact prong of determining |
| 21 | whether or not there's a case in controversy and emphasized |
| 22 | that it's not just a particularized injury that needs to be |
| 23 | alleged and proven, but a concrete one, and they indicated that |
| 24 | a concrete injury is what they described as de facto, meaning |
| 25 | it must actually exist, and they further explained that when |

G691schc

1    they've used the adjective "concrete," they mean to convey the

2    usual meaning of the term, real and not abstract.  And then

3    they go on to say, your Honor, that Article III standing

4    requires a concrete injury even in the context of a statutory

5    violation.  So the case says that you've got to do more than

6    just allege a violation of a statutory provision.  They have

7    done nothing more than allege a violation of a statutory

8    provision.

9        THE COURT:  And that is because the record is such

10   that there was never a penalty, an annual percentage rate

11   imposed.

12       MR. SMITH:  Correct, your Honor, so their claim

13   concerns a penalty APR disclosure, and it's undisputed that at

14   no point ever was this card member charged a penalty APR.  It

15   has never happened.  So the Supreme Court has said you simply

16   cannot say:  There's a statutory violation, therefore, you

17   create a case in controversy under Article III.  They have done

18   nothing more than say:  There is a statutory violation, and we

19   think we can demonstrate further.  And my request would be that

20   we have an opportunity -- because we don't think this Court has

21   subject matter jurisdiction now.  We think there's no case in

22   controversy.  And we would like to be afforded the opportunity

23   to present that in a brief to your Honor and in a motion to

24   your Honor.

25       THE COURT:  Have you discussed it with your adversary?

G691schc

1          MR. SMITH:  We have, and I don't --

2          THE COURT:  Can I assume they oppose?

3          MR. SMITH:  What we did agree is that if your Honor is

4     going to allow a motion to move forward on this, then we talk

5     about the schedule, which would be 30 days, 30 days, 15 for

6     reply.  But I will defer to them as to whether or not they're

7     going to -- they can express to you their position on moving

8     forward on a motion.

9          THE COURT:  Well, one of them will.  Perhaps

10    Mr. Bromberg.  And he's going to tell me why *Spokeo* doesn't say

11    what you think it says.

12          Or maybe you agree with him, sir.  I don't know.

13          MR. BROMBERG:  No, no.

14          THE COURT:  Okay.

15          MR. BROMBERG:  We don't agree, your Honor.  Your

16    Honor, *Spokeo* really doesn't change much.  It doesn't change

17    anything.  The court went out of its way to say it doesn't

18    change anything.  What it does say, however, is, it's clarified

19    certain things.

20          First of all, bare procedural violations are out.

21    However, violations that create a material risk of harm can

22    still be allowed.  And the court has clarified something which

23    we were all afraid of.  We were all afraid that any statutory

24    violation without some kind of pecuniary harm or some kind of

25    fiscal harm might no longer be viable.  That did not happen.

G691schc

The court actually said, on page 1549 of the West Reporter

Citation, "This does not mean, however, that the risk of real

harm cannot satisfy the requirements of concreteness."

THE COURT:  I'm going ask you to speak a little slower

for the court reporter and for the judge.  Thank you.

MR. BROMBERG:  Oh, sorry.  Sorry.  "This does not

mean, however, that the risk of real harm cannot satisfy the

requirements of concreteness.  For example, the law has long

permitted recovery by certain tort victims even if their harms

may be difficult to prove or measure."  And then they make

citations to the restatements, first of torts concerning libel

and slander per se, and then, "Just as the common law permitted

suit in such instances, the violation of a procedural right

granted by statute can be sufficient in some circumstances to

constitute injury in fact."  In other words, a plaintiff in

such a case need not allege any additional harm beyond the one

Congress has identified.  And the word "additional" is

italicized and emphasized.  And then there's a citation to

*Public Citizen v. Department of Justice*.  There were two

citations -- the second one, the *Public Citizen v. Department

of Justice*, holding that two -- the parenthetical says,

"holding that two advocacy organizations' failure to obtain

information subject to disclosure under the Federal Advisory

Committee Act 'constitutes a sufficient distinct injury to

provide standing to sue.'"  Now here we have something that --

G691schc

1    I can't think of anything that's more material and presents

2    more of a harm, a potential harm under the Truth in Lending

3    Act.

4            We have penalty APRs, and in 2009, Congress came out

5    and said, penalty APR has to be disclosed on the front.  It's

6    not sufficient to bury the penalty APR, to say, oh, there might

7    be a penalty APR.  There has to be a very front and center

8    disclosure.  And the purpose behind this, when you look at the

9    statutory history, is clearly that they felt that the penalty

10   APR is something so onerous for your average credit card holder

11   that it really has to be front and center.  So the legislative

12   history shows that this is a material risk of harm that

13   concerned Congress and therefore that it should stand up under

14   the restatement of standing law, under Article III, set forth

15   in *Spokeo*.

16           So we would suggest that this motion should not be

17   allowed to proceed.  If your Honor allows it to proceed, we

18   have agreed to this 30, 30, 15 briefing.  Incidentally, with so

19   many cases stayed both at the district level and the appellate

20   level, my guess is that if we were to brief this, decisions

21   would start trickling in from the various courts on standing

22   under *Spokeo*.

23           THE COURT:  Yes.  Although I continue to wait for the

24   Second Circuit to get me something in a useful time frame.  And

25   they haven't.

G691schc

| | |
|---|---|
| 1 | MR. BROMBERG:  You know, we actually have a case |
| 2 | pending in front of them where they've requested additional |
| 3 | briefing solely on *Spokeo*.  They had the case stayed.  It was a |
| 4 | Truth in Lending Act case.  And I don't know.  The briefing is |
| 5 | due next week and the Consumer Finance Protection Bureau has |
| 6 | just requested permission to submit an amicus brief, so the |
| 7 | briefing may be some time out. |
| 8 | THE COURT:  My point exactly.  And it doesn't help us |
| 9 | now. |
| 10 | MR. BROMBERG:  Yes. |
| 11 | THE COURT:  Well, let me ask you this:  How can I tell |
| 12 | Mr. Smith that he can't file this motion?  I mean, yes, I have |
| 13 | certain inherent powers, I understand that, but his argument |
| 14 | has some traction. |
| 15 | MR. BROMBERG:  Well, it's colorable.  We're not going |
| 16 | to be making -- we would not be serving a Rule 11 -- |
| 17 | THE COURT:  No, of course not. |
| 18 | MR. BROMBERG:  -- motion, even based on -- |
| 19 | THE COURT:  And particularly it has traction in this |
| 20 | strange period of insufficient information from courts that |
| 21 | give us precedent.  I mean, I think there is more to be said |
| 22 | than the *Spokeo* court actually said, but, all right.  I just |
| 23 | don't know. |
| 24 | Yes, it is, as you say, a colorable claim.  I guess my |
| 25 | question is the question I had for the last group of people in |

G691schc

```
1    front of me, that you thankfully decided not to replicate in
2    numbers, which is:  Is it not cheaper to settle than have
3    another round of motion practice?  Obviously somebody thinks
4    it's better to have more motion practice, and it may be because
5    you are persisting with a class action, which is your
6    prerogative.  An awful lot of time and resources have been
7    spent on this case, and I'm happy to work on it, because it's
8    intellectually challenging.  I just don't know if that's the
9    best use of everyone's time.
10            MR. BROMBERG:  I mean, I would be perfectly happy to
11    sit down and start talking settlement on a classwide basis.
12            THE COURT:  That's just it.  Classwide basis, I
13    suspect that the gentleman in the back is going to disagree
14    with, so --
15            MR. BROMBERG:  Yes, I'm not sure you can necessarily
16    stop Mr. Smith, or HSBC, rather, from making their motion.  I
17    mean, you could take it under advisement and allow discovery to
18    go forward even though it's being briefed or has been fully
19    briefed and then decide it at some point later on.  But --
20            THE COURT:  That seems too intellectually dishonest,
21    but yes.
22            MR. BROMBERG:  No.  I'm just suggesting either way.
23            THE COURT:  No.  We're both spitballing, as it were,
24    right now, thinking about what to do.
25            All right.  Mr. Smith, I am speaking for you without
```

G691schc

```
 1      actually speaking to you.  It is not your client's interest to
 2      settle at this time, sir?
 3              MR. SMITH:  Not on a classwide basis, your Honor.
 4              THE COURT:  And since that does seem to be the
 5      precondition, then I won't pursue the issue further.  Both of
 6      you know how to get in touch with me if you are interested in
 7      settling the case.
 8              All right, then.  It sounds like we have another
 9      motion to add to this third of the docket, and I'll use the 30,
10      30, 15 that the parties have suggested.  I don't think you
11      need -- I don't know what you need.  Is this going to be a
12      motion for summary judgment?
13              MR. SMITH:  It's going to be a motion to dismiss based
14      on an absence of subject matter jurisdiction.
15              THE COURT:  Okay.  We'll see how that goes.  All
16      right.  Because I was thinking it might be judgment on the
17      pleadings, but okay, we'll try your way.
18              MR. SMITH:  We have not answered yet, your Honor,
19      so --
20              THE COURT:  Yes.
21              MR. BROMBERG:  Sorry.  I thought there was an answer
22      already.
23              THE COURT:  No, because of the stay.
24              MR. BROMBERG:  Okay.
25              THE COURT:  Then that is what it will be.  I'm
```

G691schc

```
1   assuming there doesn't need to be an expansion of the page
2   limits.  There isn't that.  You don't have more than 25 pages
3   to write on this.
4                MR. SMITH:  No, your Honor.
5                THE COURT:  Okay.
6                MR. BROMBERG:  I mean, the only possible thing that
7   could throw a wrench in is if we look at the motion papers and
8   go, ah, there's an argument that requires repleading.  I can't
9   see it happening.  It's pretty clear-cut.  It might not be.
10  Just, maybe, you know, suddenly we're going to see some
11  argument that we haven't seen before or that, you know,
12  suddenly makes us go, maybe we need to go back to our pleadings
13  and add an additional two paragraphs.
14               THE COURT:  Oh, I guess that's the question.  I'd hate
15  to have Mr. Smith -- although I know he gets to bill for this
16  all, I'd hate to have him file these papers and then have you
17  respond with the proposed amended complaint.  I mean, in the 30
18  days that he is about to have, do you want to look at your
19  complaint and see if there's anything you wish to do
20  differently?
21               MR. BROMBERG:  I think that should be adequate.  Yes,
22  we'll look at it and we'll get back to him within --
23               THE COURT:  Two weeks?
24               MR. BROMBERG:  -- within two weeks.
25               THE COURT:  And if it turns out you are moving to
```

G691schc

1  amend, let me try and short-circuit this.  Mr. Smith, would you

2  oppose an amended complaint or an application for leave to

3  amend?

4         MR. SMITH:  I may, your Honor, because we did not

5  oppose their initial amended complaint which brought this claim

6  in, and it really is difficult for me to see, based on the

7  issue that we're raising, which is that there's no damages,

8  there's no claim of injury, how -- it's undisputed he was never

9  charged any APR penalty, interest rate, so I couldn't agree to

10  any sort of -- I really have a hard time seeing where they

11  would be going with an amendment.  I have a hard time at this

12  stage of the case just agreeing to it without seeing --

13         THE COURT:  I understand, but if I may work this out

14  with you a little bit, recognizing that we're in the realm of

15  Rule 15 and not Rule 16, I guess you would have to identify for

16  me prejudice.  And is the prejudice simply that he's given an

17  amended complaint already?  And perhaps you need to think about

18  what the prejudice would be, but to me, short of futility,

19  which may be your other argument, I'm not sure what the

20  argument is for prejudice.

21         MR. SMITH:  I really would just like an opportunity,

22  assuming that they decide that they're going to want to do

23  something, by amendment, just to see what they're doing first

24  before I'm committed to it.

25         THE COURT:  Of course.  But then what we'll do then

13

G691schc

1    is, we'll set up the schedule that we've just identified, which

2    is two weeks to decide whether they wish to amend but separate

3    and apart from that, 30, 30, and 15 on the motion practice,

4    with the understanding that if they do move to amend, we may

5    have to change one motion for another and have it be instead of

6    a motion for leave to amend, because I don't know that I want

7    to have those two things going simultaneously.  But okay.  I

8    will not force you to commit today.  I understand why you

9    cannot.  And I also understand that you may go back to your

10   offices and think that there is something you can add that

11   addresses whatever has been said today or whatever can be

12   fairly discerned from the *Spokeo* decision.  You don't have to.

13   I just want to know.

14            MR. BROMBERG:  No, no.  Well, what's been happening is

15   we have had to -- we are writing a brief for the Second Circuit

16   right now on *Spokeo*, so I just haven't had a chance to process

17   what we're writing there with the complaint here to see if

18   there's anything that we might want to add to flesh out the

19   allegations concerning subject matter jurisdiction.  I honestly

20   doubt that we're going to amend, but it's a possibility.

21            THE COURT:  Both of you need to leave open that wiggle

22   room, and I understand why.

23            All right.  Let me talk to Mr. Smith.  Sir, other than

24   the scheduling of this motion, is there anything else you and I

25   should be talking about this afternoon?

G691schc

| | |
|---|---|
| 1 | MR. SMITH:  I don't believe so, your Honor. |
| 2 | THE COURT:  Okay.  Thank you. |
| 3 | And Mr. Bromberg and Mr. Schnall, is there anything |
| 4 | else we should be talking about this afternoon? |
| 5 | MR. BROMBERG:  Well, I guess once decided -- it's |
| 6 | premature to talk about this before that is decided. |
| 7 | THE COURT:  I can bring you in or I can talk to you on |
| 8 | the phone.  So that will be fine. |
| 9 | Mr. Bromberg, can I ask you, please, to get a copy of |
| 10 | the transcript of this proceeding.  Just get it in the ordinary |
| 11 | course, please, and if you order it, I will have it |
| 12 | electronically.  I might want to consider it in connection with |
| 13 | the motions. |
| 14 | MR. BROMBERG:  Sure. |
| 15 | THE COURT:  Okay.  Then I guess that's it.  Thank you |
| 16 | very much for coming down this afternoon. |
| 17 | ALL COUNSEL:  Thank you, your Honor. |
| 18 | THE DEPUTY CLERK:  All rise, please. |
| 19 | (Adjourned) |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |