

Louis Smith, Esq.
Tel. (973) 360-7900
Fax (973) 301-8410
smithlo@gtlaw.com

December 16, 2016

**VIA ECF**
Honorable Katherine Polk Failla, U.S.D.J.
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
40 Foley Square, Room 2103.
New York, NY 10007

   Re: **Schwartz v. HSBC Bank USA, N.A.**
      **Civil Action No. 14-cv-9525 (KPF)**

Dear Judge Failla:

  Defendant HSBC Bank USA, N.A. ("HSBC") respectfully submits this letter brief pursuant to the Court's November 28, 2016 Order (D.E. 58).

  **Background**

  The only claim remaining in this case is a single violation of the Truth in Lending Act ("TILA") alleging that HSBC failed to disclose on the front of a monthly statement that a late payment could subject Plaintiff's credit card account to a penalty annual percentage rate ("Penalty APR"). It is undisputed that Plaintiff only seeks statutory damages for this claim. Indeed, the Second Amended Complaint ("SAC") attaches as an exhibit and thereby adopts the Declaration of Julie L. Morrow of HSBC, which states that "Schwartz's account was never charged a Penalty APR." SAC, Ex. D (D.E. 48-4 at ¶ 6).

  The SAC should be dismissed because Plaintiff does not allege any "injury" as a result of HSBC's alleged violation of TILA. Plaintiff does not allege that he was confused about the cost of his credit or about the risk that he would be subject to a Penalty APR, or that he suffered any other injury that is particular to him. Significantly, Plaintiff does not allege, nor can he, that he was completely deprived of information regarding his Penalty APR or the circumstances under which it could be assessed because information about the Penalty APR was disclosed on the back of his monthly billing statements (SAC, Ex. E ("**About the Penalty APR**: If you do not make your minimum monthly payment by the Payment Due Date, we may increase your APRs to the Penalty APR. . . .")), the Cardmember Agreement (SAC, Ex. D), and on the front of a prior billing statement (SAC ¶ 44).

  These claims cannot survive under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), and the Second Circuit's recent decision in *Strubel v. Comenity Bank*, __ F.3d __, 2016 WL 6892197 (2d Cir. Nov. 23, 2016), further supports that result. Plaintiff cannot meet the particularization

requirement under Article III because no injury "personal" to Plaintiff is alleged in the SAC. Nor has Plaintiff alleged a concrete injury because there is no allegation that the alleged violation "caused [Plaintiff] to alter [his] credit behavior from what it would have been upon proper notice." *Strubel*, 2016 WL 6892197 at *8. Thus, *Strubel* supports the analysis presented in HSBC's Moving and Reply Briefs as it is in line with the authorities cited therein finding that bare statutory violations, without any allegation of injury, are insufficient to satisfy Article III's case and controversy requirement as interpreted in *Spokeo*.

### No Particularized Injury

HSBC demonstrated in its Moving and Reply Briefs that Plaintiff has not adequately alleged a particularized injury because he has not alleged any injury sustained by **Plaintiff** as a result of the alleged omission of the Penalty APR in the Late Payment Warning on the billing statement. *Spokeo,* 136 S. Ct. at 1547, n.6 (plaintiff "must allege and show that they **personally** have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (quoting *Warth v. Seldin*, 422 U.S. 502, 518 (1975))) (emphasis added).

The Second Circuit in *Strubel* found that the plaintiff satisfied the particularization element with regard to two TILA claims because she "sues to vindicate interests **particular to her**." *Strubel*, 2016 WL 6892197 at *5 (emphasis added). Here, by contrast, even after Plaintiff amended the Complaint specifically in an attempt to comply with *Spokeo*, Plaintiff still does not allege any injury "particular to [him]"; rather, Plaintiff alleges harm to "consumers of the Class" (SAC, ¶ 24), "consumers" (¶ 43) and "a material risk of concrete harm to Schwartz and to other credit consumers" (¶ 46). Unlike in *Strubel*, here, other than in a purely conclusory manner, Plaintiff alleges **no injury to himself and only injuries to the putative "class" and "consumers**." *See Treiber v. Aspen Dental Mgmt., Inc*., 635 F. App'x 1, 3 (2d Cir. 2016) (reasoning that allegations that are "wholly conclusory and unsupported by any facts [are] insufficient to support standing"). The SAC alleges that HSBC's omissions impacted "the consumers of the Class" because they "impinged on their awareness of the cost of credit." SAC, ¶ 24. But the SAC is devoid of any allegation that **Plaintiff** sustained this injury, and that omission demonstrates that Plaintiff cannot meet the particularization element.

### No Concrete Injury

In *Strubel*, the plaintiff alleged four separate TILA violations, and the Court found that two claims satisfied the concreteness requirement and two claims did not. Thus, Plaintiff's argument that, as a general matter, alleged TILA disclosure violations constitute concrete injuries that support standing was rejected by the Second Circuit. Instead, the circumstances regarding the specific claim must be analyzed. The *Strubel* Court's rationale for finding that one of the claims lacked the requisite concreteness under Article III applies equally to Plaintiff's claim

based on HSBC's alleged omission of the Penalty APR in the Late Payment Warning on the billing statement.[1]

In *Strubel*, the plaintiff alleged that Comenity violated TILA because if failed to provide her with notice of Comenity's obligation to advise her, within thirty days of receiving a notice of billing error, whether the billing error has been resolved or not. The panel first noted that the plaintiff "concedes that she never had reason to report any billing error in her credit card statements" and she "does not—and cannot—claim concrete injury because the challenged notice denied her information that she actually needed to deal with Comenity regarding a billing error." *Strubel*, 2016 WL 6892197 at *7. Similarly, here, it is undisputed that Plaintiff never was subject to the Penalty APR and does not allege that the absence of the challenged disclosure had any impact on him. Thus, as with the plaintiff in *Strubel*, Plaintiff here never was denied "information that [he] actually needed to deal with" HSBC. *Id.*

The *Strubel* court also found that the statutory violation presented no "material risk of harm" because the plaintiff "does not assert that the allegedly flawed notice caused her credit behavior to be different from what it would have been had" the notice included the required language." *Id.* Here, too, Plaintiff does not allege that the absence of Penalty APR information in the Late Payment Warning on the front of the billing statements caused him to change his credit behavior.

The alleged violation here is entirely different from the two violations that the *Strubel* court found satisfied the standing requirements. The disclosures in *Strubel* were required to be provided to the consumer "at the time he opens a credit account," and the failure to provide them resulted in a consumer "who is not given notice." *Strubel*, 2016 WL 6892197 at *5. Here, it is undisputed that Plaintiff was provided with complete information regarding the Penalty APR at the time he opened his account as he attaches as an exhibit to his SAC the Cardmember Agreement containing that information. SAC, Ex. D. Moreover, information regarding the Penalty APR was placed on the back of the monthly billing statements. (SAC, Ex. E ("**About the Penalty APR**: If you do not make your minimum monthly payment by the Payment Due Date, we may increase your APRs to the Penalty APR. . . .")). Plaintiff also concedes that the challenged disclosure was included on the front of a prior statement. (SAC, ¶ 44 (alleging that "the Bank had included such a warning to Schwartz in the December 2013 Statement")). Given that Plaintiff had complete information about the Penalty APR, the omission of Penalty APR information in the Late Payment Warning on the front of a billing statement simply is "too trivial" to cause harm to Plaintiff and instead merely is an alleged procedural violation. *Strubel*, 2016 WL 6892197 at *4.

---

[1] As to the other claim for which the *Strubel* Court found that Plaintiff lacked standing – based on Comenity's alleged failure to disclose certain information about automatic payment of a disputed charge – Comenity did not offer an automatic payment plan. Thus, the Court found plaintiff failed to carry her burden to demonstrate concrete injury. This reasoning also supports dismissal here where it is conceded that "Schwartz's account was never charged a Penalty APR." SAC, Ex. D (ECF 48-4 at ¶ 6).

The *Strubel* panel further found that those two violations for which Plaintiff had standing denied the plaintiff "access to disclosure of ***her own obligations***," i.e., that "(1) certain identified consumer rights pertain only to disputed credit card purchases not yet paid in full, and (2) a consumer dissatisfied with a credit card purchase must contact the creditor in writing or electronically." *Id.* at *5 (emphasis added). Here, by contrast, the alleged disclosure violation pertains not to Plaintiff's "own obligations" but to HSBC's right to charge a Penalty APR. Thus, the *Strubel* court's finding that two alleged disclosure violations satisfied the standing requirements because they impacted "the consumer's concrete interest in the informed use of credit" (*id.*) does not apply here.

The *Strubel* Court also found that "its analysis comports with the reasoning of our sister circuits following *Spokeo*." *Id.* at *8 n. 15 (citing cases). The reasoning in those opinions cited approvingly in *Strubel* supports the conclusion that Plaintiff has failed to allege the required injury. *See Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1002–03 (11th Cir. 2016) ("Nicklaw alleges neither a harm nor a material risk of harm that the district court could remedy. His complaint ***does not allege that he lost money*** because CitiMortgage failed to file the certificate. It d***oes not allege that his credit suffered***. It ***does not even allege that he or anyone else was aware that the certificate of discharge had not been recorded*** during the relevant time period.") (emphasis added)[2]; *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 530 (5th Cir. 2016) ("A bare allegation of improper defined-benefit-plan management under ERISA, ***without concomitant allegations that any defined benefits are even potentially at risk***, does not meet the dictates of Article III; concluding otherwise would vitiate the Supreme Court's explicit pronouncement that 'Article III standing requires a concrete injury even in the context of a statutory violation.'" (quoting *Spokeo*, 136 S. Ct. at 1549)); *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 929–30 (8th Cir. 2016) ("Braitberg alleges only that Charter violated a duty to destroy personally identifiable information by retaining certain information longer than the company should have kept it. He ***does not allege that Charter has disclosed the information to a third party, that any outside party has accessed the data, or that Charter has used the information in any way*** during the disputed period. He ***identifies no material risk of harm from the retention***; a speculative or hypothetical risk is insufficient.") (emphasis added); *Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 514 (D.C. Cir. 2016) ("The complaint here does not get out of the starting gate. It fails to allege that Hancock or White suffered any cognizable injury as a result of the zip code disclosures. Indeed, at oral argument, Hancock's and White's counsel candidly admitted that "the only injury * * * that the named plaintiffs suffered was they were asked for a zip code when * * * [under] the law they should not have been." Oral Arg. Tr. 5. In other words, they assert only a bare violation of the requirements of D.C. law in the course of their purchases.") (alterations in original) (cited in Reply Br. at 4).

---

[2] The *Nicklaw* decision is significant because it contradicts the decision in *Bellino v. JP Morgan Chase*, 2016 WL 5173392 (S.D.N.Y. Sep. 9, 2016), that Plaintiff submitted on November 22, 2016, as supplemental authority in opposition to HSBC's motion to dismiss. (D.E. 56). In *Bellino*, the court found that the plaintiff satisfied the standing requirements for a claim based on the defendant's failure to record a satisfaction of mortgage. In his letter to the Court enclosing the *Bellino* opinion, however, Plaintiff failed to advise the Court that the Eleventh Circuit in *Nicklaw* found no standing for the exact same claim.

By contrast, in the one Circuit Court decision cited in *Strubel* finding standing, the plaintiff alleged actual injury and risk of future injury:

> Plaintiffs' allegations of a substantial risk of harm, coupled with ***reasonably incurred mitigation costs***, are sufficient to establish a cognizable Article III injury at the pleading stage of the litigation. . . . There is no need for speculation where Plaintiffs allege that ***their data has already been stolen and is now in the hands of ill-intentioned criminals***. . . . And here, the complaints allege that Plaintiffs and the other putative class members must expend ***time and money*** to monitor their credit, check their bank statements, and modify their financial accounts.

*Galaria v. Nationwide Mut. Ins. Co.*, __ Fed. Appx. __, 2016 WL 4728027, at *3 (6th Cir. Sept. 12, 2016) (emphasis added).

Here, Plaintiff alleges no harm or any material risk of harm. Thus, this case is very much akin to the four Circuit Court cases cited in *Strubel* finding no injury in fact. There are no allegations, as there were in *Galaria*, that Plaintiff has expended any time or money due to HSBC's alleged violation of TILA. Because the *Strubel* Court stated that "its analysis comports with" these Circuit Court decisions, *Strubel* should be interpreted consistently with these opinions, and the Court should find that Plaintiff lacks standing. Indeed, the Seventh Circuit interpreted *Strubel* in exactly this manner in dismissing a FACTA claim for lack of standing. *Meyers v. Nicolet Restaurant of de Pere, LLC*, __ F.3d __, 2016 WL 7217581, *3 n.4 (7th Cir. Dec. 13, 2016) (finding that the plaintiff lacked standing "under the Second Circuit's analysis" in *Strubel* because "[t]he non-compliant receipt ***did not affect [the plaintiff's] behavior***, nor did it create any appreciable risk that the concrete interest Congress identified (the integrity of personal identities) would be compromised." (emphasis added)).

For the foregoing reasons, HSBC respectfully requests that its motion be granted and that the Second Amended Complaint be dismissed without leave to replead.

Respectfully submitted,

s/ Louis Smith
Louis Smith

cc: All Counsel of Record (via ECF)