USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _June 19, 2017_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
BRUCE SCHWARTZ, *individually and on* :
*behalf of all others similarly situated*, :
:
                            Plaintiff, :      14 Civ. 9525 (KPF)
:
                v. :      OPINION AND ORDER
:
HSBC BANK USA, N.A., :
:
                          Defendant. :
:
------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

      In an Opinion and Order dated January 9, 2017, the Court granted Defendant HSBC Bank USA N.A.'s motion to dismiss Plaintiff Bruce Schwartz's Second Amended Complaint (the "SAC"). *See Schwartz* v. *HSBC Bank USA, N.A.*, No. 14 Civ. 9525 (KPF), 2017 WL 95118, at *1 (S.D.N.Y. Jan. 9, 2017) ("*Schwartz II*"). On January 23, 2017, Plaintiff moved, pursuant to Federal Rules of Civil Procedure 59(e) and 15(a), and Local Civil Rule 6.3, to reopen this case and vacate the judgment entered on January 11, 2017, and also (i) for reconsideration of *Schwartz II*; or, alternatively, (ii) for leave to file a Third Amended Complaint (the "TAC") *nunc pro tunc*. For the reasons that follow, Plaintiff's motion is denied in its entirety.

# BACKGROUND[1]

Plaintiff filed his original Complaint on December 1, 2014, and a First Amended Complaint (the "FAC") on March 27, 2015 (Dkt. #2, 12), alleging that Defendant violated the Truth in Lending Act ("TILA" or the "Act"), 15 U.S.C. §§ 1601-1677f, and its implementing regulations. In a February 9, 2016 Opinion and Order, the Court held, *inter alia*, that Plaintiff had sufficiently stated a claim for violation of TILA disclosure requirements concerning penalty annual percentage rates (or "APRs"). *See Schwartz* v. *HSBC Bank USA, N.A.*, 160 F. Supp. 3d 666, 681-82 (S.D.N.Y. 2016) ("*Schwartz I*").

Following a February 23, 2016 conference, the Court stayed this action pending the Supreme Court's anticipated decision in *Spokeo, Inc.* v. *Robins*, 136 S. Ct. 1540 (2016), which was issued on May 16, 2016, and revised on May 24, 2016. Thereafter, the Court held a conference on June 9, 2016, and set a schedule for the filing of the SAC and of Defendant's *Spokeo*-based motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. #45, 49); that motion was fully briefed on August 31, 2016 (Dkt. #51-54). On November 23, 2016, the Second Circuit issued *Strubel* v. *Comenity Bank*, 842 F.3d 181 (2d Cir. 2016), and this Court granted the parties leave to submit supplemental letter briefs concerning the effect, if any, of *Strubel* on the pending motion; the parties filed those briefs on December 16, 2016. (Dkt. #59-60).

---

[1] For convenience, Plaintiff's moving brief is referred to as "Pl. Br." (Dkt. #66); Defendant's opposition brief as "Def. Opp." (Dkt. #68); and Plaintiff's reply brief as "Reply Br." (Dkt. #69).

In *Schwartz II*, the Court dismissed this action for lack of subject matter jurisdiction on the grounds that "Plaintiff [had] fail[ed] plausibly to plead the concrete and particularized injury necessary to establish Article III standing." *Schwartz II*, 2017 WL 95118, at *4; *id.* at *7 ("[W]ell-pled allegations describing Plaintiff's injuries are found nowhere in the SAC."). *Schwartz II* began by outlining the statutory and regulatory framework of TILA and Regulation Z, including the disclosure provisions concerning interest-rate hikes for late payments. *Id.* at *2-3. It next surveyed standing doctrine in light of *Spokeo* and *Strubel*, paying special attention to the concreteness and particularization requirements of the injury-in-fact element. *Id.* at *3-5. Finally, the Opinion examined the SAC's sparse, conclusory allegations of injury and concluded that Plaintiff had "fail[ed] to carry his burden to clearly allege facts demonstrating a concrete ... [and] particularized injury to support standing." *Id.* at *6-8; *see id.* at *6 ("Mere incantations of 'concrete harm' and 'material risk of concrete harm,' or of the purpose statement of TILA, are plainly insufficient to plead plausibly that Plaintiff suffered a concrete injury."); *id.* at *7 ("[The SAC's] allegations that Plaintiff personally and individually suffered an injury as a result of those violations are conclusory and inadequately pled.")

The Court also denied Plaintiff leave to file a TAC because Plaintiff never sought leave to do so. *See Schwartz II*, 2017 WL 95118, at *8 ("Plaintiff has not sought leave to amend his complaint a third time and, accordingly, the Court affords him no such opportunity." (citing *Shields* v. *Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1132 (2d Cir. 1994) ("Although federal courts are inclined to grant

3

leave to amend following a dismissal order, we do not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought.")))*. The Court noted, however, that dismissal of the SAC was without prejudice "because the dismissal [wa]s one for lack of subject matter jurisdiction, which deprives the Court of its ability to issue a prejudicial dismissal." *Id.* (citing *Carter* v. *HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016); *Hernandez* v. *Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)).

Plaintiff filed the instant motion, supporting brief, and declaration on January 23, 2017 (Dkt. #65-67); Defendant filed its opposition brief on February 6, 2017 (Dkt. #68); and Plaintiff filed his reply brief on February 13, 2017 (Dkt. #69).

## DISCUSSION

### A. Applicable Law

Federal Rule of Civil Procedure 59(e) allows a district court "to alter or amend a judgment." Fed. R. Civ. P. 59(e). "Generally, district courts will only amend or alter a judgment pursuant to Rule 59 'to correct a clear error of law or prevent manifest injustice.'" *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010) (quoting *Munafo* v. *Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004)). The rule "covers a broad range of motions," and "the only real limitation on the type of motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment.'" *ING Glob.* v. *United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (internal

quotation marks omitted) (quoting *Schwartz* v. *Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008)).

A motion to alter or amend the judgment under Rule 59(e) is assessed under the same standard as a motion for reconsideration under Local Civil Rule 6.3.  *See Oocl (USA) Inc.* v. *Transco Shipping Corp.*, No. 13 Civ. 5418 (RJS), 2016 WL 4481153, at *1 (S.D.N.Y. Aug. 23, 2016); *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D. 115, 117 (S.D.N.Y. 2007) (collecting cases).  Both rules "are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"  *Cancel* v. *Kelly*, No. 13 Civ. 6007 (JMF), 2016 WL 1559166, at *1 (S.D.N.Y. Apr. 15, 2016) (quoting *Medisim Ltd.* v. *BestMed LLC*, No. 10 Civ. 2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)); *see also Artists Rights Enf't Corp.* v. *Estate of King*, No. 16 Civ. 1121 (JPO), 2017 WL 2062988, at *1 (S.D.N.Y. May 15, 2017) (recognizing reconsideration as "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources[.]" (citations omitted)).

A motion for reconsideration is governed by a "strict" standard and is generally denied "unless the moving party can point to controlling decisions or data that the court overlooked."  *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citation omitted).  Thus, reconsideration is appropriate "only when the [movant] identifies [i] an intervening change of controlling law, [ii] the availability of new evidence, or [iii] the need to correct a clear error or prevent manifest injustice."  *Kolel Beth*

5

*Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted); *see also Bldg. Serv. 32BJ Health Fund* v. *GCA Servs. Grp., Inc.*, No. 15 Civ. 6114 (PAE), 2017 WL 1283843, at *1 (S.D.N.Y. Apr. 5, 2017) ("A party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" (quoting *De Los Santos* v. *Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)).

**B. Analysis**

**1. Plaintiff's Motion for Reconsideration Is Denied**

Plaintiff's motion falls short of the standard for reconsideration. He does not identify "an intervening change of controlling law," "the availability of new evidence," or "the need to correct a clear error." *Kolel Beth Yechiel*, 729 F.3d at 104. He likewise does not "point to controlling decisions or data that the court overlooked." *Analytical Surveys*, 684 F.3d at 52. Rather, Plaintiff argues that reopening this action and vacating the judgment "is necessary to avoid manifest injustice, because Plaintiff can make a colorable argument as to why reconsideration is appropriate." (Pl. Br. 4).

Plaintiff presents two related arguments for reconsideration. He first contends that "the 'plausibility' standard of pleading elaborated by the Supreme Court in *Iqbal* simply does not apply to allegations concerning the grounds of the Court's subject matter jurisdiction." (Pl. Br. 9; *see generally id.* at 10-12). Next, Plaintiff argues that his complaint need not contain legal

6

argument but only factual matter, and that the portions of his opposition briefing cited by the Court in *Schwartz II* "[are] more akin to legal argument than to factual matter and, thus, were not required to be included in Plaintiff's complaint." (Pl. Br. 13-14).

Plaintiff fails to demonstrate why vacatur of the judgment in *Schwartz II* is necessary to avoid manifest injustice. "The 'manifest injustice' standard is, by definition, 'deferential to district courts and provide[s] relief only in the proverbial rare case.'" *Corsair Special Situations Fund, L.P.* v. *Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014) (summary order) (quoting *United States* v. *Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)); *accord E.J. Brooks Co.* v. *Cambridge Sec. Seals*, No. 12 Civ. 2937 (LAP), 2015 WL 9704079, at *4 (S.D.N.Y. Dec. 23, 2015).

Plaintiff's reconsideration arguments are flat-out wrong. For starters, the Second Circuit has made clear that factual allegations going to the Court's subject matter jurisdiction should be not merely threadbare and conclusory, but rather should be "affirmatively and plausibly" pled. *Amidax Trading Grp.* v. *S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam); *id.* ("[The plaintiff's] general proposition standing alone, however, is insufficient to make [the plaintiff's] alleged injury in fact plausible. Rather, what is missing is factual support for [the plaintiff's allegation]. Only if such factual support exists, can [the plaintiff] nudge its alleged injury from one that is conceivable to one that is plausible." (citing *Ashcroft* v. *Iqbal*, 556 U.S. 662, 680 (2009)); *id.* at 148 ("[B]ecause [the plaintiff] has not alleged more specific details …, [it] has

7

not plausibly alleged that it suffered a concrete, particularized, and actual or imminent injury-in-fact. ... [F]or [the plaintiff] to have standing to sue, its alleged injury in fact must be plausible." (internal citations and quotation marks omitted) (citing *Iqbal*, 556 U.S. at 679)); *accord Carter* v. *HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).

Courts in this District have followed suit. *See, e.g., Clarex Ltd.* v. *Natixis Sec. Am. LLC*, No. 12 Civ. 0722 (PAE), 2012 WL 4849146, at *5 (S.D.N.Y. Oct. 12, 2012) ("[A]lthough the Court 'may consider affidavits and other materials beyond the pleadings' in deciding a 12(b)(1) motion, it 'may not rely on conclusory or hearsay statements contained in the affidavits.' The standard here is one of plausibility." (quoting *Mosdos Chofetz Chaim, Inc.* v. *Vill. Of Wesley Hills*, 701 F. Supp. 2d 568, 580-81 (S.D.N.Y. 2010)) (citing *Amidax*, 671 F.3d at 146 ("[F]or [the plaintiff] to have standing to sue, its alleged injury in fact must be plausible.")); *see also Brach Family Found., Inc.* v. *AXA Equitable Life Ins. Co.*, No. 16 Civ. 740 (JMF), 2016 WL 7351675, at *5 n.5 (S.D.N.Y. Dec. 19, 2016) (recognizing that "it is the plaintiff's burden to plausibly allege facts that establish federal subject-matter jurisdiction" (citing *Carter*, 822 F.3d at 56)).

Recently, the Second Circuit in *Whalen* v. *Michaels Stores, Inc.* affirmed the dismissal of a claim for lack of standing where the plaintiff alleged, *inter alia,* that the defendant's data breach caused her injury in the form of time and money she spent monitoring her credit. *See* No. 16-260, 2017 WL 1556116, at

8

*2 (2d Cir. May 2, 2017) (summary order). The Court rejected this basis of injury as insufficiently pled and conclusory:

> [The plaintiff] pleaded no specifics about any time or effort that she herself has spent monitoring her credit. Her complaint alleges only that "consumers must expend considerable time" on credit monitoring, and that she "and the Class suffered additional damages based on the opportunity cost and value of time that [she] and the Class have been forced to expend to monitor their financial and bank accounts." She did not seek leave to amend her complaint to add anything more substantial. Accordingly, she has alleged no injury that would satisfy the constitutional standing requirements of Article III, and her claims were properly dismissed.

*Id.* at *2. And just two weeks ago in *John* v. *Whole Foods Market Group, Inc.*, the Second Circuit again confirmed that a plaintiff must "plausibly alleg[e]" an injury in order to have Article III standing. *See* No. 16-986-cv, 2017 WL 2381191, at *2-3 (2d Cir. June 2, 2017). Ultimately, the Circuit found that the plaintiff had satisfied this standard. *Id.* at *3-4.

The Court will not here repeat *Schwartz II*'s explication of how the SAC fails affirmatively and plausibly to allege a concrete and particularized injury in support of Plaintiff's standing and why the SAC's conclusory and threadbare allegations are insufficient. *See Schwartz II*, 2017 WL 95118, at *4-6. The Court stands by its reasoning and conclusion.[2]

---

[2] Until recently, the Second Circuit sometimes instructed courts to refrain from drawing inferences at the pleading stage in favor of a plaintiff's standing. *See, e.g., Morrison* v. *Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("[A jurisdictional] showing is not made by drawing from the pleadings inferences favorable to the party asserting it."); *APWU* v. *Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (same); *Shipping Fin. Servs. Corp.* v. *Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (same). *Whole Foods Market Group* appears to have abrogated that rule, holding that "[w]hen the defendant asserts a 'facial' challenge to standing … courts should continue to draw from the pleadings all

9

Plaintiff's related argument for reconsideration is likewise rejected because it is predicated on a misapprehension of *Schwartz II* to require legal argument in his pleadings. *Schwartz II* does no such thing. The Opinion evaluated the three assertions of injury in the SAC and found these allegations to be conclusory and insufficient. *See Schwartz II*, 2017 WL 95118, at *4-6. The Court need not have gone further, but offered excerpts of Plaintiff's opposition and supplemental briefs as merely indicative of the kind of specifics lacking in the SAC, including for example the nature of the harm that Plaintiff himself suffered or was at risk of suffering — in other words, factual allegations tending to show that the injury affected Plaintiff in a "personal and individual way," *Lujan* v. *Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992), and that the injury "actually exist[ed]," *Spokeo*, 136 S. Ct. at 1548, and "present[ed] a 'risk of real harm' to [Plaintiff's] concrete interest," *Strubel*, 842 F.3d at 189 (quoting *Spokeo*, 136 S. Ct. at 1549).

In short, Plaintiff fails to demonstrate that the Court committed error, let alone "clear error," or that vacatur of the judgment and reconsideration is needed to "prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d at 120. Accordingly, Plaintiff's motion pursuant to Rule 59(e) and Local Civil Rule 6.3 is denied.

---

reasonable inferences in the plaintiff's favor and are to presume that general allegations embrace those specific facts that are necessary to support the claim." *John* v. *Whole Foods Mkt. Grp., Inc.*, No. 16-986-cv, 2017 WL 2381191, at *4 (2d Cir. June 2, 2017) (internal quotation marks omitted). This does not alter the Court's analysis in *Schwartz II* because Plaintiff's three conclusory allegations of injury are inadequate, even drawing all reasonable inferences in Plaintiff's favor. *See Schwartz II*, 2017 WL 95118, at *4-6.

### 2. Plaintiff's Motion for Leave to Amend the SAC Is Denied

Plaintiff argues that "even if the Court declines to reconsider its Opinion and Order, vacating the judgment is necessary to avoid manifest injustice because, under these circumstances, Plaintiff should be granted an opportunity to file a [TAC]" and "his failure to cross-move for permission to file a [TAC] should be excused." (Pl. Br. 5-6).

Here too, Plaintiff falls short of demonstrating why vacatur is necessary to prevent manifest injustice. His failure to establish a Rule 59(e) basis to set aside or vacate the judgment dooms his motion for leave to amend the SAC. Generally, leave to amend should be "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, amendment of a complaint becomes significantly more difficult when a plaintiff waits … until after judgment has been entered." *Janese* v. *Fay*, 692 F.3d 221, 229 (2d Cir. 2012); *see also State Trading Corp. of India, Ltd.* v. *Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion [to grant leave to amend] more exactingly."). Indeed, "'[o]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" *Id.* (quoting *Nat'l Petrochemical Co. of Iran* v. *M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) (alterations omitted)); *accord Ruotolo* v. *City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file

an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b).").

In *Janese,* the plaintiffs, following the district court's entry of judgment, unsuccessfully moved for reconsideration of the court's dismissal of their complaint and for leave to amend in order to assert their claims with greater particularity. *See Janese*, 692 F.3d at 225. On appeal, the Second Circuit rejected the plaintiffs' argument that the district court had erred in denying them leave to amend. *Id.* at 229.

The Circuit reaffirmed the principle that the post-judgment filing of an amended complaint is impermissible "until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)," reasoning that "'[t]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation.'" *Id.* (quoting *Nat'l Petrochemical Co. of Iran*, 930 F.2d at 245 (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1489, at 694 (1990))). Accordingly, the Circuit described the district court's denial of reconsideration as having "render[ed] the motion to amend moot" and concluded that the lower court had "properly denied the motion to amend following its denial of the motion for reconsideration." *Id.* at 225, 229; *accord Smith* v. *Hogan,* 794 F.3d 249, 256 (2d Cir. 2015) ("[The plaintiff] sought leave to replead only after judgment had been entered. Because he did not succeed in having the judgment vacated, he

was not entitled to replead at this stage of the case." (citing *Nat'l Petrochemical Co. of Iran*, 930 F.2d at 244-45)), *cert. denied*, 137 S. Ct. 566 (2016).

Here, Plaintiff has failed to demonstrate a basis to set aside or vacate the judgment, as described above. Accordingly, his motion for leave to file a TAC is denied.[3]

---

[3]  Plaintiff indirectly cites the Second Circuit's 2011 decision in *Williams* v. *Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011) (per curiam), for the proposition that allowing a party to file an amended pleading can itself be a reason to vacate the judgment. (Reply Br. 4; *see also* Pl. Br. 3 n.10). *Williams* vacated the district court's denial of a post-judgment motion for leave to replead because the lower court had "applied a standard that overemphasized considerations of finality at the expense of the liberal amendment policy embodied in the Federal Rules of Civil Procedure." *Id.* at 210. The Circuit acknowledged that "[w]here … a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality," but also observed that "considerations of finality do not always foreclose the possibility of amendment, even when leave to replead is not sought until after the entry of judgment." *Id.* at 213.

Insofar as the Second Circuit's 2011 decision in *Williams* may be read to be in tension on this specific point with the Circuit's 2012 decision in *Janese* and 2015 decision in *Smith*, noted above, the Court conforms to the Circuit's more recent pair of precedents. But even under Plaintiff's reading of *Williams*, Plaintiff's motion would still be denied: He has failed to demonstrate why granting him leave to replead with greater specificity is necessary to avoid a manifest injustice. *Cf. Ciralsky* v. *C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004) ("We also cannot find that the district court abused its discretion in concluding that manifest injustice does not exist where, as here, a party could have easily avoided the outcome[.]" (internal quotation marks omitted)). Plaintiff describes Article III standing as a "quickly developing area of law" and principally argues that it would have been difficult to predict that he was required to include the kind of detail missing in the SAC. (Pl. Br. 14). But Plaintiff's reasons do not support a finding of manifest injustice in the Court's decision to dismiss the SAC without prejudice. Indeed, Plaintiff's uncertainty about the necessary factual allegations can also cut the other way; it should have counseled in favor of his having sought leave to amend pre-judgment.

Thus, even recognizing that "the liberal spirit of Rule 15 [does not] necessarily dissolve[] as soon as final judgment is entered," *Williams*, 659 F.3d at 214, the Court additionally finds that leave to amend is appropriately denied because of Plaintiff's undue delay in seeking such leave and because Plaintiff has failed to take advantage of multiple opportunities to cure the deficiencies in the complaint. *See Foman* v. *Davis*, 371 U.S. 178, 182 (1962). The Complaint was originally filed in December 2014, it has been twice amended, and opportunities to seek leave to amend have existed both before and after the 2016 decisions in *Spokeo* and *Strubel*. Indeed, Plaintiff's burden to plead allegations of injury affirmatively and plausibly long predated this Court's decision in *Schwartz II*. *See, e.g., Amidax Trading Grp.* v. *S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam); *Carter* v. *HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016); *Clarex Ltd.* v. *Natixis Sec. Am. LLC*, No. 12 Civ. 0722 (PAE), 2012 WL 4849146, at *5 (S.D.N.Y. Oct. 12, 2012). In light of Plaintiff's delay in seeking to cure his pleading

13

## CONCLUSION

For the foregoing reasons, Plaintiff's motion, pursuant to Rules 59(e) and 15(a), and Local Civil Rule 6.3, to reopen this case and vacate the judgment, and also for reconsideration of *Schwartz II* or alternatively to grant Plaintiff leave to file a TAC *nunc pro tunc* is DENIED.

SO ORDERED.

Dated: June 19, 2017
New York, New York

KATHERINE POLK FAILLA
United States District Judge

---

deficiencies despite multiple opportunities, the Court denies him leave to file a TAC *nunc pro tunc*.